**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 4:09-CR-346** |
| | : | |
| **v.** | : | **(Judge Conner)** |
| | : | |
| **JERMAINE WILLIAMS** | : | |

## MEMORANDUM

On October 4, 2012, the court held a detention hearing to determine whether Jermaine Williams ("Williams"), should be detained or released pending his sentencing hearing. The court determined that, for exceptional reasons, Williams's detention pending sentencing is not mandated by statute. This memorandum expands upon the court's *ratio decidendi* set forth on the record at the hearing.

## I.   Factual Background

On October 2, 2012, Williams pleaded guilty to conspiracy to distribute or possess with the intent to distribute 280 grams or more of cocaine base under 21 U.S.C. § 846. The court held a detention hearing on October 4, 2012, to determine whether Williams should be detained or released pending his sentencing hearing, which is tentatively scheduled for on or about January 11, 2013. At the detention hearing, the government requested immediate detention, arguing that such action is mandated by 18 U.S.C. § 3143(a)(2). Defense counsel asserted that the court may release Williams pending sentencing upon a finding of "exceptional reasons" pursuant to 18 U.S.C. § 3145(c). In rebuttal, the government asserted that § 3145(c) provides such discretion only to the circuit court of appeals.

In support of Williams's "exceptional reasons" for release pending sentencing, defense counsel presented the following factual background, which the government does not dispute and which the court therefore adopts for purposes of the instant matter. Williams and his wife had a baby a little less than a year ago. As a result of complications during childbirth, Williams's wife requires surgery to repair an umbilical hernia. After surgery, Mrs. Williams will require six weeks of convalescence before she will be able to return to work. During this period of convalescence, Williams's employment income will be the sole means of support for his wife and their three young children. If Williams were incarcerated, his family would not be able to pay for their present residence, and they would become homeless. Defendant's Exhibit 1 is correspondence from a nurse practitioner on behalf of the Rochester General Health System, Department of Surgery, which confirms the medical necessity of Mrs. Williams's surgery. Further complicating their domestic difficulties, the couple has a 14-year-old-son with severe ADHD who is currently in counseling. Mr. and Mrs. Williams have endeavored to place their son into the Big Brother Big Sister program in anticipation of Mr. Williams's incarceration, but these efforts have not yet succeeded.

The court has had the benefit of discussions with the United States Probation Office concerning Mr. Williams's conduct during pre-trial supervision. From all accounts, Williams's conduct under supervision has been exemplary. Williams's Probation Officer confirmed that Williams has been on supervised release, including electronic monitoring, for two years without a single violation.

2

He has communicated regularly with the Probation Officer. He has attended all court proceedings without incident despite residing a considerable distance from the courthouse. In addition, as noted, Williams is gainfully employed.

## II. Discussion

### A. Applicable Statutory Provisions

Eligibility for release pending sentence or appeal is based on the requirements of the Bail Reform Act of 1984. Pub. L. No. 98-473, Title II, § 203(a), 98 Stat. 1976 (codified at 18 U.S.C. §§ 3141-3156 (1984)). The current detention language and "exceptional reasons" provisions at issue in this case were added to the Bail Reform Act as an amendment to the 1990 Crime Bill. See Crime Control Act of 1990, Pub. L. No. 101-647, § 902, 104 Stat. 4826, 4827 (1990).

Pursuant to 18 U.S.C. § 3143(a)(2), the court must detain a person found guilty of certain offenses pending sentencing. One of those offenses is "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C § 801 *et seq*)," including a conspiracy to distribute or possess with the intent to distribute 280 grams or more of cocaine base under 21 U.S.C. § 846 and § 841(b)(1)(A)(iii). See 18 U.S.C. § 3142(f)(1)(C). Under this provision, the court may order the person's release pending sentencing if (1) "the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted" or "an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person;" and (2) "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or

pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2)(A) and (B).

Williams's guilty plea includes a waiver of his right to appeal, so there is virtually no likelihood that Williams will be granted an acquittal or a new trial. It is undisputed that the government will recommend a sentence of imprisonment. Therefore, the court would be required to order Williams's detention pursuant to § 3143(a)(2) in the absence of additional statutory authority. However, 18 U.S.C. § 3145 provides as follows:

> **(a) Review of a release order.**–If a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court–
>
>> (1) the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release; and
>>
>> (2) the person may file, with the court having original jurisdiction over the offense, a motion for amendment of the conditions of release.
>
> The motion shall be determined promptly.
>
> **(b) Review of a detention order.**– If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

4

**(c) Appeal from a release or detention order.**–An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of title 28 and section 3731 of this title. The appeal shall be determined promptly. *A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.*

(emphasis added). Thus, 18 U.S.C. § 3145(c) explicitly provides that a "judicial officer" may release a person subject to detention pending sentencing if the court finds the following circumstances:

> (1) the person is not likely to flee or pose a danger to the safety of any other person or the community if released, and
>
> (2) it is clearly shown that "there are exceptional reasons why such person's detention would not be appropriate."

Id. The burden of proof with respect to both circumstances appears to be clear and convincing evidence. See 18 U.S.C. § 3143(a) ("unless the judicial officer finds by *clear and convincing evidence . . . .*") and 18 U.S.C. § 3145(c) ("if it is *clearly shown* that there are *exceptional reasons . . . .*").

## B.    Split of Authority

Application of § 3145(c) to district courts sitting in original judgment of detention pending sentencing is problematic in that previous applications have resulted in a split of authority, albeit a rather lopsided one. The First, Second, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Circuit Courts of Appeal

have all indicated that district courts may release a person for "exceptional reasons" subject to § 3145(c). Most have done so with perfunctory analysis. <u>See</u> <u>United States v. Christman</u>, 596 F.3d 870 (6th Cir. 2010); <u>United States v. Garcia</u>, 340 F.3d 1013, 1014 n.1 (9th Cir. 2003); <u>United States v. Jones</u>, 979 F.2d 804 (10th Cir. 1992); <u>United States v. Herrera-Soto</u>, 961 F.2d 645 (7th Cir. 1992); <u>see</u> <u>also</u> <u>United States v. Rodriguez</u>, 50 F. Supp. 2d 717 (N.D. Ohio 1999); <u>United States v. Devinna</u>, 5 F. Supp. 2d 872 (E.D. Cal. 1998). Several circuits merely accepted, without further discussion, a district court's use of § 3145(c)'s "exceptional reasons" analysis. <u>See</u> <u>United States v. Mostrom</u>, 11 F.3d 93 (8th Cir. 1993); <u>United States v. Weiner</u>, No. 92-1708, 1992 WL 180697 (1st Cir. 1992); <u>United States v. DiSomma</u>, 951 F.2d 494 (2d Cir. 1991).

Many of these decisions rely heavily upon <u>United States v. Carr</u>, 947 F.2d 1239 (5th Cir. 1991).[1] In <u>Carr</u>, the court determined that "[w]e see no reason why Congress would have limited this means of relief to reviewing courts." 947 F.2d at 1240. The court noted that although the title of § 3145(c) is "appeal from a release or detention order," it unequivocally states that a "judicial officer" may order release for "exceptional reasons" under the provision. <u>Id.</u> The court explained that Congress added this sentence to § 3145(c) at the same time that it added the mandatory detention provisions of § 3143(a)(2) and (b)(2). <u>Id.</u> (citing Crime Control

---

[1] <u>See, e.g.</u>, <u>United States v. Garcia</u>, 340 F.3d 1013, 1014 n.1 (9th Cir. 2003); <u>United States v. Mostrom</u>, 11 F.3d 93 (8th Cir. 1993); <u>United States v. Jones</u>, 979 F.2d 804 (10th Cir. 1992); <u>United States v. DiSomma</u>, 951 F.2d 494, 496 (2d Cir. 1991); <u>United States v. Rodriguez</u>, 50 F. Supp. 2d 717 (N.D. Ohio 1999).

Act of 1990, Pub. L. No. 101-647, § 902, 104 Stat. 4826, 4827 (1990)).  The <u>Carr</u> court

also noted that §§ 3143(a)(2) and (b)(2) use the term "judicial officer" to refer to a

judge initially ordering a mandatory detention.  <u>Id.</u>  Consequently, the <u>Carr</u> court

remanded the case to the district court to determine whether there were

"exceptional reasons" warranting release of the defendant pending sentencing.

Similarly, in <u>United States v. Goforth</u>, 546 F.3d 712 (4th Cir. 2008), the Fourth

Circuit held that the language of § 3145(c) unambiguously provides district courts

with the power to grant release pending sentencing for "exceptional reasons."  The

court explained that district judges fall within the statutory definition of "judicial

officers" as that term is used in the Bail Reform Act, <u>see</u> 18 U.S.C. § 3156(a)(1),

"unless otherwise indicated."  <u>Id.</u>; <u>Goforth</u>, 546 F.3d at 714-15.  The court observed:

"When Congress has altered the § 3156(a)(1) definition of 'judicial officer' in other

provisions within the Bail Reform Act – that is, when it has 'otherwise indicated'

that the term should be read differently – it has done so clearly[,]" such as in

§ 3141(b) and § 3148(b).  <u>Id.</u> at 715.  The <u>Goforth</u> court concluded that Congress's

reference to "judicial officer" in § 3145(c) was clearly intended to provide district

judges with discretion to grant release pending sentencing, subject to the specified

conditions.

The <u>Goforth</u> court stated that it would reach the same conclusion even if the

text of § 3145(c) was ambiguous.  The court noted that the subsection's title suggests

that its application is limited to appellate judges, and observed that an *earlier*

version of the "exceptional reasons" amendment to § 3145(c) restricted its

application to "a court of appeals or a judge thereof." Id. (citing 136 Cong. Rec. S6,491 (daily ed. May 17, 1990)(Section 1152 - Mandatory Detention)). At passage, however, this language was changed to the more expansive term "judicial officer." The Goforth court also observed that determinations of release pending sentencing are "fact-intensive determinations which district judges are well-positioned to make at the time detention is considered." Id. See also United States v. Miller, 568 F. Supp. 2d 764 (E.D. Ky. 2008); United States v. Burnett, 76 F. Supp. 2d 846 (E.D. Tenn. 1999); United States v. Cantrell, 888 F. Supp. 1055 (D. Nev. 1995). But see United States v. DiMattina, ___ F. Supp. 2d ___, No. 11-705, 2012 WL 3260216, at *15 (E.D.N.Y. Aug. 8, 2012) (following the weight of authority in holding that district courts can order release pursuant to § 3145(c), but also noting that this authority "appear[s] to have been misguided"). Accordingly, the Goforth court held that district judges are "judicial officers" under § 3145(c) and therefore authorized to release convicted defendants prior to sentencing upon a finding of "exceptional reasons" pursuant to § 3145(c).

The Third Circuit has not yet spoken on the issue of whether a district court can order a defendant's release for "exceptional reasons" pursuant to § 3145(c). See United States v. Lieberman, 496 F. Supp. 2d 584, 586-87 (E.D. Pa. 2007) ("The Third Circuit has not addressed the issue. For purposes of this motion, the Court will assume that a district court has the power to apply the "exceptional reasons" provision of § 3145(c)."). However, our sister court in the Western District of Pennsylvania has held that the "exceptional reasons" provision of § 3145(c)

8

provides discretionary authority *only* to the circuit courts of appeal.  See United

States v. Nesser, 937 F. Supp. 507 (W.D. Pa. 1996); United States v. Salome, 870 F.

Supp. 648 (W.D. Pa. 1994).

In Salome, the court held that § 3145(c) does not authorize district judges to

release convicted defendants pending sentencing for four reasons.  First, the

provision's title is "Appeal from a release or detention order" and the first sentence

of the subsection provides that "[a]n appeal from a release or detention order . . . is

governed by the provisions of section 1291 of title 28 and section 3731 of this title."

870 F. Supp. at 652.  Significantly, 28 U.S.C. § 1291 and 18 U.S.C. § 3731 address

only appellate jurisdiction and appellate procedure.  Id.  Second, the overall

structure of § 3145 suggests that this provision only intended to cover appeals of

detention or release decisions.  Id.  Subsections 3145(a) and (b) expressly provide

for a district court's review of a release or detention order when it is entered by a

magistrate judge or "a person other than a judge of a court having original

jurisdiction over the offense and other than a Federal appellate court."  18 U.S.C. §§

3145(a) and (b).  The Salome court concluded that it would be illogical to delineate a

discretionary power of district courts in a provision ostensibly designed to address

the appeal of the very decisions rendered by district courts pursuant to §§ 3145(a)

and (b).  Third, "[i]f Congress had intended to invest district courts with the

discretion to determine whether 'exceptional reasons' existed . . . it would have said

so in § 3143."  Id.  Finally, § 3145(c) must be read in conjunction with Rule 9 of the

Federal Rules of Appellate Procedure, which authorizes circuit courts of appeal to

review detention orders and to release a defendant pending sentencing or appeal.[2] Rule 9 specifically permits courts of appeal to consider evidence that was not previously presented to the trial judge. <u>Id.</u> at 652-53 (<u>citing</u> <u>United States v. Provenzano</u>, 605 F.2d 85 (3d Cir. 1979)).  Thus, the court found that "the courts of appeals have the ability, indeed the responsibility, to make independent findings in proceedings arising under the Bail Reform Act." <u>Id.</u> at 653.

The Western District reaffirmed <u>Salome</u> in <u>United States v. Nesser</u>, 937 F. Supp. 507 (1996).  The <u>Nesser</u> court expressly adopted the *ratio decidendi* of <u>Salome</u>.  937 F. Supp. At 509 ("To further bolster these conclusions, we adopt the reasoning of <u>Salome</u> not repeated or amplified above.").  In addition, the court observed that both §§ 3145(a) and (b) reference the review of decisions made in a court "other than a Federal appellate court," while § 3145(c) does not include this language.  <u>Id.</u>  The court reasoned that "the natural and justifiable conclusion to draw from this structure is that the 'other than a Federal appellate court' language is left out of section 3145(c) because Congress was addressing federal appellate

_____

[2] The Salome court specifically discussed Rule 9(b) of the Federal Rules of Appellate Procedure, which allows for an appeals court "to make an independent determination of the merits of a bail application pending the appeal of a conviction." <u>Salome</u>, 870 F. Supp. at 648 (<u>citing</u> <u>United States v. Provenzano</u>, 605 F.2d 85 (3d Cir. 1979)).  In the instant case, we are concerned with Rule 9(a), which governs appeals for release before sentencing, but we note that Rule 9 authorizes independent factual determinations in both circumstances.

courts in that section, and so did not need to separately distinguish them." Id.[3]

Hence, the Nesser court declined to examine whether the defendant possessed

"exceptional reasons" meriting his release pending appeal.

Several other district courts have agreed with the reasoning of the Western

District. In United States v. Chen, 257 F. Supp. 2d 656 (S.D.N.Y. 2003), the court

also held that § 3145(c)'s exceptional reasons analysis is limited to the jurisdiction of

the courts of appeal.[4] In addition to the reasons discussed *supra*, the Chen court

noted that Rule 46(c), applicable only to district courts, states that "the provisions of

18 U.S.C. § 3143 govern release pending sentencing or appeal," but there is no

---

[3] Respectfully, we find this reasoning to be wholly unpersuasive and we reject it. We submit that it is more logical to conclude that §§ 3145(a) and (b) utilize the descriptive phrases "other than a judge of a court having original jurisdiction" and "other than a Federal appellate court" to limit application of the provisions to reviews of magistrate orders whereas § 3145(c) utilizes the defined term "judicial officer" to expand its application to any court with detention or release authority. See also *infra*, Part II.C.

[4] The problem of interpreting § 3145(c) is particularly acute in the Second Circuit in light of conflicting district court decisions. In United States v. DiSomma, 951 F.2d 494 (2d Cir. 1991), the Second Circuit accepted the district court's use of § 3145(c)'s "exceptional reasons" analysis but did not explicitly address its power to do so. The court merely cited to the Fifth Circuit's opinion in Carr. 951 F.2d at 496. Subsequently, the Chen court concluded that the Second Circuit "did not directly address today's question, nor is there any indication that the question was put to that court and thus answered *sub silentio*." 257 F. Supp. at 659 n.8 (emphasis in original). However, in United States v. DiMattina, ___ F. Supp. 2d ___, No. 11-705, 2012 WL 3260216 (E.D.N.Y. Aug. 8, 2012), the district court held that DiSomma was controlling authority on this question. In *obiter dicta*, the DiMattina court noted that "Judge Scheindlin's decision in Chen is persuasive and would be followed in the instant case were it not for the implied holding of the Court of Appeals for the Second Circuit in DiSomma." Id. at *14. See also United States v. Capanelli, 263 F. Supp. 2d 677 (S.D.N.Y. 2003) (holding that §3145(c) authorizes district courts to grant release pending sentencing).

mention of § 3145(c). Id. at 662; FED. R. CRIM. P. 46(c). In contrast, Federal Rule of Appellate Procedure 9, applicable only to appellate courts, states that "the court must make its decision regarding release in accordance with the applicable provisions of 18 U.S.C. §§ 3142, 3143, *and* 3145(c)." Id.; FED. R. APP. P. 9(c) (emphasis added). See also United States v. Rausch, 746 F. Supp. 2d 1192, 1195 (D. Colo. 2010); United States v. Cochran, 640 F. Supp. 2d 934 (N.D. Ohio 2009); United States v. Harrison, 430 F. Supp. 2d 1378 (M.D. Ga. 2006); In Re Sealed Case, 242 F. Supp. 2d 489, 491-93 (E.D. Mich. 2003); United States v. Bloomer, 791 F. Supp. 100, 102 (D. Vt. 1992). Based on this reasoning, the Chen court held that district courts may not consider "exceptional reasons" as a basis for release.

### C. The Express Language of § 3145(c) Clearly and Unambiguously Provides District Judges with Authority to Release Defendants Pending Sentencing

We respectfully disagree with our sister court in the Western District of Pennsylvania as well as the other district courts which have held that trial judges cannot invoke § 3145(c) to order a defendant's release pending sentencing. The court concludes that § 3145(c) unambiguously authorizes district judges, as "judicial officers," to release convicted individuals pending sentencing or appeal for "exceptional reasons."

The first step in analyzing the applicability of a statute is to "determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case." Robinson v. Shell Oil Co., 519 U.S. 337, 340 (1997). If the statutory language is unambiguous on its face, the court's inquiry is at

an end.  Id.  "The plainness or ambiguity of statutory language is determined by

reference to the language itself, the specific context in which that language is used,

and the broader context of the statute as a whole."  Id.  In looking at the plain

language of a statute, "[s]tatutory definitions control the meaning of statutory

words."  Lawson v. Suwannee Fruit & S.S. Co., 336 U.S. 198, 201 (1949).  A statutory

definition "excludes any meaning that is not stated."  Colautti v. Franklin, 439 U.S.

379, 392 n.10 (1979) (quoting 2A C. Sands, Statutes and Statutory Construction §

47.07 (4th ed. Supp. 1978)).

    Throughout the Bail Reform Act, the term "judicial officer" is used to refer to

judges at all levels of the judicial system.  See United States v. Price, 618 F. Supp.

2d 473, 479 (W.D.N.C. 2008).  In fact, the Bail Reform Act defines "judicial officer" as

"unless otherwise indicated, any person or court authorized . . . to detain or release

a person before trial or sentencing or pending appeal in a court of the United States

. . . ."  18 U.S.C. § 3156(a)(1).[5]  Additionally, 18 U.S.C. § 3141(b) provides:

> A judicial officer of a court of original jurisdiction over an
> offense, or a judicial officer of a Federal appellate court,

---

[5] In Chen, the court asserted that "[t]he use of the word 'indicated,' rather
than 'stated or 'provided' or the like, shows that the scope of the term 'judicial
officer may be narrowed implicitly by the structure or terms of the relevant
provision."  257 F. Supp.2d at 663 n.23.  The Chen court did not provide any citation
to authority for this assertion.  The court also did not address the fact that Congress
explicitly altered the meaning of "judicial officer" in other sections of the Bail
Reform Act instead of relying on the structure of the provision to implicitly do so.
See Goforth, 546 F.3d at 715 (discussing § 3141(b) and § 3148(b)'s use of the term
"judicial officer."); see also 18 U.S.C. §§ 3143(a)(2) and (b)(2) (using the term
"judicial officer" when referring to the decision-maker who initially orders
detention).

shall order that, pending imposition or execution of
sentence, or pending appeal of conviction or sentence, a
person be released or detained under this chapter.

 See also Jonathan S. Rosen, An Examination of the "Exceptional Reasons"

Jurisprudence of the Mandatory Detention Act: Title 18 U.S.C. §§ 3143, 3145(c), 19

VT. L. REV. 19, 26-27 (1994) ("Read together, sections 3156(1) and 3141 enable a

district court to entertain motions for bail from mandatory detention under the

exceptional reasons provision.").

Armed with the statutory definition of judicial officer, the plain meaning of

the final sentence of § 3145(c) authorizes district courts and appellate courts to

grant release upon a finding of exceptional reasons making detention

inappropriate.  There is nothing illogical about the placement of this authority in a

subsection entitled "appeal from a release or detention order."  Id.[6]  To the

contrary, it simply reflects the practical necessity of permitting district courts to

undertake the threshold analysis of exceptional reasons.  To hold otherwise would

---

[6] The court does not lightly dismiss the fact that the heading of § 3145(c)
explicitly refers to an "appeal from a release or detention order" and the fact that
the introductory sentence of § 3145(c) refers to 28 U.S.C. § 1291 and 18 U.S.C. §
3731, which govern the jurisdiction for appeals from final orders of district courts.
See Nesser, 937 F. Supp. 507 at 509; Salome, 870 F. Supp. at 652.  However, "the
title of a statute and the heading of a section cannot limit the plain meaning of the
text."  Bhd. Of R.R. Trainmen v. Balt & Ohio R.R. Co., 331 U.S. 519, 528-29 (1947)
(explaining that the title and heading "are of use only when they shed light on some
ambiguous word or phrase.  They are but tools available for the resolution of a
doubt.  But they cannot undo or limit that which the text makes plain.").  The third
sentence of § 3145(c) does not reference an appeal and does not limit use of the term
"judicial officer."  Although in a section targeted to appeals, the plain meaning of
the "exceptional reasons" provision is unlimited in its application.

result in the effective denial of relief under § 3145(c) in cases such as the one at bar. We must examine the plain meaning of judicial officer in a manner consistent with the remedial purposes of § 3145(c). If district courts lacked the authority to conduct the threshold analysis referenced above, every defendant in Mr. Williams' circumstance would be detained and the efficacy of § 3145(c) would be subject to the vagaries of a court of appeals docket. See United States v. DiMattina, ___ F. Supp. 2d ___, No. 11-705, 2012 WL 3260216, at *13 (E.D.N.Y. Aug. 8, 2012) ("If a district court is without power to grant release of a defendant who would otherwise be eligible for such relief, federal law mandates incarceration until a court of appeals decides to release him. Yet section 3145(c) presumes that incarceration of such defendants pending appeal would be unjust."); Goforth, 546 F.3d at 716 ("It would be surprising for Congress to create an exception to mandatory detention predicated on exceptional reasons, only to force a defendant to seek a ruling from the circuit court that such circumstances exist."). In cases like Mr. Williams, a single week of incarceration would cause the loss of employment and cause his family to become homeless, effectively denying him the relief clearly intended by § 3145(c).

Additionally, the fact that §§ 3145(a) and (b) regulate a district court's review of a magistrate judge's detention or release order does not necessarily indicate that § 3145(c) only regulates a circuit court of appeals's review of a district court's detention or release order. The context provided by §§ 3145(a) and (b) is limited because the wording of §§ 3145(a) and (b) is passive while the wording of the third

sentence of § 3145(c) is active and direct.  Sections 3145(a) and (b) state "if a person

is *ordered* [released or detained]. . . ."  In contrast, the third sentence of § 3145(c)

states that "a person *subject* to [mandatory] detention" under §§ 3143(a)(2) or (b)(2)

"may be *ordered* released," not someone already "*subjected*" to mandatory

detention who is now appealing that order to a higher court.  Hence, the syntax of

the statutory language also supports the court's conclusion that the third sentence

of § 3145(c) contemplates something more than appellate review of detention

orders.

> **D.    Even if Section § 3145(c) is Deemed Ambiguous, Legislative History
> and Statutory Context Clearly Reflect Congressional Intent to
> Authorize District Judges to Release Defendants Pending
> Sentencing under this Section of the Bail Reform Act**

Even if the language of § 3145(c) is deemed ambiguous, the legislative history

of the Bail Reform Act supports our holding.  When statutory language is

ambiguous, the court may examine legislative history to determine Congressional

intent, *i.e.*, the intended meaning of the statute.  <u>United States v. R.L.C.</u>, 503 U.S.

291, 298 (1992) (plurality opinion).

"Prior to passage of the current version of § 3143 and § 3145, the Bail Reform

Act afforded substantial discretion in the district court regarding detention of

defendants who were convicted but awaiting sentencing or appeal."  <u>United States

v. Green</u>, 250 F. Supp. 2d 1145, 1147 (E.D. Mo. 2003).  In 1989, Senator Paul Simon

introduced legislation entitled "Mandatory Detention for Offenders Convicted of

Serious Crimes Act."  <u>Id.</u>  This legislation sought to mandate detention for drug

16

traffickers and violent offenders. It also proposed the "exceptional reasons" language into the Bail Reform Act. This legislation was incorporated into the 1990 Crime Bill and was enacted on November 29, 1990. <u>See</u> Crime Control Act of 1990, Pub. L. No. 101-647, § 902, 104 Stat. 4826, 4827 (1990). Thus, the final sentence of § 3145(c) was added at the same time as the mandatory detention provisions set forth in §§ 3143(a)(2) and (b)(2). In light of this legislative timing, the court agrees with the court in <u>Carr</u> that the "exceptional reasons" provision was in all likelihood "designed to provide an avenue for exceptional discretionary relief" from those mandatory detention provisions. 947 F.2d at 1240. Along the same lines, we disagree with Judge Diamond's conclusion in <u>United States v. Salome</u>, 870 F. Supp. 648 (W.D. Pa. 1994), that there is no evidence that Congress intended to provide the option of exceptional relief to the *district* courts. Indeed, there is such evidence in the legislative history. An earlier version of the "exceptional reasons" provision in § 3145(c) stated that it could be applied by a "court of appeals or a judge thereof." 136 Cong. Rec. S6,491 (daily ed. May 17, 1990) (Section 1152-Mandatory Detention). In the final version, this language was changed to "judicial officer." If Congress had intended to limit the "exceptional reasons" provision to circuit judges, there would have been no reason to modify the original language. In essence, Congress moved from a more specific jurisdictional application of the "exceptional reasons" provision to a more general one. This strongly suggests that Congress intended to vest both district courts and appellate courts with discretionary authority to release convicted defendants under § 3145(c).

That appellate courts are empowered to make factual determinations regarding a defendant's release pending sentencing or appeal is of no moment. See In Re Sealed Case, 242 F. Supp. 2d 489, 493 (E.D. Mich. 2003) (discussing the application of Federal Rule of Appellate Procedure 9(a));[7] United States v. Salome, 870 F. Supp. 648, 652-53 (W.D. Pa. 1994) (discussing Federal Rule of Appellate Procedure 9(b) and United States v. Provenzano, 605 F.2d 85 (3d Cir. 1979)). Statutory *authority* to make factual determinations does not render that authority exclusive, nor does it make appellate courts better suited to make factual determinations than district courts. Miller, 568 F. Supp. 2d at 773 (quoting United States v. Snyder, 946 F.2d 1125, 1126-27 (5th Cir. 1991) ("[t]he Supreme Court has implicitly recognized that a district court is better situated than an appellate court to find the facts necessary to making a bail determination."). We note that Federal Rule of Appellate Procedure 9 permits the examination of evidence outside of the district court's record, yet nevertheless requires the district court to state, in writing

---

[7] In In Re Sealed Case, *supra*, the court cited the Advisory Committee's note to the 1994 amendments of Federal Rule of Appellate Procedure 9(a) for the proposition that "the 'broad language' presently in Rule 9(a) was specifically added because the appellate courts now hear appeals pursuant to § 3145(c)." 242 F. Supp. 2d at 493. Hence, the In Re Sealed Case court posits that the language of the Committee Note contemplates *exclusive* appellate authority under § 3145(c). We respectfully disagree. The "broad language" to which the Committee Note refers is actually language allowing the government to appeal bail decisions in certain circumstances under § 3145(a), not language authorizing appellate courts to look outside the district court record under § 3145(c). The Advisory Committee never mentions the recently added "exceptional reasons" provision under § 3145(c) as justification for any change to Rule 9. See Fed. R. App. P. 9(a) advisory committee's note (1994 amendments).

or on the record, the reasons for an order of release or detention.  Fed. R. App. P. 9(a)(1).  Thus, Rule 9 does not contemplate that a court of appeals will be making a factual determination without any guidance whatsoever from the trial court.

Moreover, as previously noted, the problem of mootness supports the court's interpretation of § 3145(c).  It is entirely possible that, in the case of shorter sentences, a convicted individual's appeal based on "exceptional reasons" could become moot before an appeals court has the opportunity to rule on it.  See Goforth, 546 F.3d at 716.  The court in In Re Sealed Case suggested that the potential for delay is not problematic because Federal Rule of Appellate Procedure 9(a)(3) authorizes a single circuit judge to order a defendant's release pending disposition of the appeal, rather than requiring an entire panel.  242 F. Supp. 2d at 495.  However, the fact that a single circuit judge may order a defendant's release still begs the question of timing, particularly when procedural rules contemplate the resolution of sentencing issues as quickly as possible.  See Fed. R. Crim. P. 32(b)(1) ("The court must impose sentence without unnecessary delay.").  By their very nature, the administrative acts necessary to initiate and to schedule appellate proceedings will cause some delay in evaluating the defendant's "exceptional reasons."  This delay causes the very real potential for mootness of the appellate review.

For all the above stated reasons, the court finds that it possesses the discretion to release a defendant pending sentencing or appeal for "exceptional

reasons" under 18 U.S.C. § 3145(c).  All that remains is for the court to determine

whether Williams qualifies for release under § 3145(c).

### E.    Williams Presented "Exceptional Reasons" Meriting Release

The court may release Williams pursuant to § 3145(c) if the court finds by

clear and convincing evidence that (1) Williams is not likely to flee or pose a danger

to the safety of any other person or the community if released, pursuant to §

3143(a)(1); and (2) there are exceptional reasons why Williams's detention would not

be appropriate.

First, the court observes that there is no evidence that Williams committed

any violent acts in furtherance of the drug conspiracy.  Second, Williams has been

on supervised release, including electronic monitoring, for two years without any

violations.  Third, he is gainfully employed. Fourth, he has attended all court

proceedings.  Finally, the court has assessed Williams' demeanor and credibility on

all issues pertaining to supervision and the court concludes that Williams is sincere

in his representations that he will continue to comply with all bail conditions.

Based on this information, the court finds that Williams is not likely to flee or pose a

danger to the safety of any other person or the community if released.

There are also exceptional reasons why Williams's immediate detention is

inappropriate and unjust.  Mr. Williams and his family are facing unique

circumstances in the immediate future.  See United States v. DiSomma, 951 F.2d

494, 497 (2d Cir. 1991) (defining "exceptional reasons" as "a unique combination of

circumstances giving rise to situations that are out of the ordinary"); United States

v. Koon, 6 F.3d 561, 563 (9th Cir. 1993) (Rymer, J., concurring in denial of rehearing *en banc*) (explaining that "exceptional reasons are something "clearly 'out of the ordinary,' 'uncommon' or 'rare'"). Time-sensitive surgeries and serious disruptions of family life may constitute "exceptional reasons" within the ambit of § 3145(c).[8]

In the case *sub judice*, it is undisputed that Williams's wife is in immediate need of surgery, which will require a minimum of six weeks of convalescence. During this six week period, Mrs. Williams will be unable to work and the family must rely upon Mr. Williams's earnings. If they cannot, the family will become homeless. These unique circumstances present the paradigm of "exceptional reasons" meriting Williams's release pending sentencing.

## III. Conclusion

For all the reasons stated above, the court will permit Williams to continue his release status, on the same terms and conditions governing his pretrial release, pending sentencing. Sentencing is tentatively scheduled for on or about January 11, 2013. An appropriate order shall follow.

  S/ Christopher C. Conner   
CHRISTOPHER C. CONNER
United States District Judge

Dated:       November 9, 2012

---

[8] In United States v. Franklin, the defendant sought release based upon two independent factors: a scheduled surgery and his son's ongoing struggles with certain mental health issues. 843 F. Supp. 2d 620, 622-23 (W.D.N.C. 2012). The court held that the sum of these factors constituted exceptional reasons for release. Id.; see also United States v. Spigner, 416 F.3d 708, 713 (8th Cir. 2005) (noting that the district court released defendant for dialysis treatment and surgery); United States v. Garcia, 340 F.3d 1013, 1022 (9th Cir. 2003) (instructing the district court to determine whether the defendant's illness is "sufficiently grave, or if his course of treatment is such that detention should properly be withheld pending appeal").

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 4:09-CR-346** |
| | : | |
| **v.** | : | **(Judge Conner)** |
| | : | |
| **JERMAINE WILLIAMS** | : | |

## <u>ORDER</u>

AND NOW, this 9th day of November, 2012, for the reasons set forth in the accompanying memorandum and on the record at the hearing held on October 4, 2012, it is hereby ORDERED that Jermaine Williams shall be released, subject to the same terms and conditions governing his pretrial release, pending his sentencing tentatively scheduled for on or about January 11, 2013.

                                       <u>S/ Christopher C. Conner</u>
                                       CHRISTOPHER C. CONNER
                                       United States District Judge